This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BANK OF NEW YORK**
**MELLON TRUST COMPANY,**
**NATIONAL ASSOCIATION AS**
**GRANTOR TRUSTEE OF THE**
**PROTIUM MASTER GRANTOR**
**TRUST,**

     Plaintiff-Appellee,

**v.**                                                                                                    **NO. 35,710**

**SCOTT ALLAN JORDAN and**
**TRACEY A. JORDAN,**

     Defendants-Appellants,

and

**CRYSTAL MELISSA LOVATO,**
**ROSEMARY ANNE JORDAN,**
**NEW MEXICO EDUCATORS**
**FEDERAL CREDIT UNION, THE**
**UNKNOWN SPOUSE OF CRYSTAL**
**MELISSA LOVATO, IF ANY, and**
**THE UNKNOWN SPOUSE OF**
**ROSEMARY ANNE JORDAN,**
**IF ANY,**

     Defendants.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY**
**Matthew G. Reynolds, District Judge**

Holland & Hart, LLP
Larry J. Montano
Santa Fe, NM

for Appellee

Scott Allan Jordan
Estancia, NM

Pro Se Appellant

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

**{1}** Defendants, who are self-represented litigants, appeal from the district court's order denying their motion for reconsideration of the district court's denial of Defendants' motion for relief from judgment. Unpersuaded by Defendants' docketing statement that they demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendants have filed a memorandum in opposition to our notice. We have duly considered Defendants' response and remain unpersuaded. We, therefore, affirm.

{2}	Defendants' docketing statement listed ten issues, which broadly contested the district court's rulings on various motions and mostly disputed matters involving Plaintiff's standing. [DS 3-5] In our effort to address all of their concerns, we set forth three principles we considered dispositive of their appeal. Defendants' lengthy response to our notice largely ignores our analysis, pursues all ten issues, and persists in their challenge of Plaintiff's standing. This does not persuade the Court that our proposed analysis was incorrect.

{3}	We briefly reiterate the grounds for affirmance. First, Defendants waived their ability to challenge Plaintiff's standing on appeal to this Court by the failure to timely appeal from the district court's previous final order of October 22, 2013, [RP vol. 6 1242] which denied Defendants' timely motion that sought reconsideration of the judgment of foreclosure. *See* Rule 1-059(E) NMRA ("A motion to alter, amend, or reconsider a final judgment shall be filed not later than thirty (30) days after entry of the judgment."); Rule 12-201(D)(1) NMRA (explaining that timely motions for reconsideration or a Rule 1-060(B) NMRA motion filed within thirty days of the challenged order extends the time for filing a notice of appeal until an order is entered expressly disposing of the motion). Our review is limited to whether Defendants established grounds for relief from the foreclosure judgment under Rule 1-060(B).

**{4}** Second, a judgment is not voidable under Rule 1-060(B)(4) NMRA for lack of standing. *See Deutsche Bank Nat'l Trust Co. v. Johnston*, 2016-NMSC-013, ¶ 34, 369 P.3d 1046 (clarifying that standing in a foreclosure action to enforce a promissory note is prudential, not a jurisdictional requirement, and the lack of standing does not render a foreclosure judgment voidable under Rule 1-060(B)). Because standing cannot be the basis for the collateral attack under Rule 1-060(B), we do not consider Defendants' continued challenge to Plaintiff's standing. *See Johnston*, 2016-NMSC-013, ¶ 34.

**{5}** Third and lastly, to the extent that Defendants' issues relate to the authenticity of the loan documents or to the Truth in Lending Act, the Unfair Practices Act or other affirmative claims of wrongdoing, we are not persuaded for the reasons persuasively set forth in Plaintiff's response of March 21, 2016: these issues are not properly before us in this collateral attack insofar as they relate to standing; these issues are not properly before us insofar as violations of the various statutes should have been raised as counterclaims in the foreclosure proceeding; Defendants' rescission claim is not properly before us insofar as it is time-barred; and Defendants' authenticity arguments were unsupported. [RP vol. 8 1780-90] Our notice invited Defendants to clearly state the legal or factual reasons they believe Plaintiff's response is incorrect and where in the record it shows they preserved these reasons in district court. Defendants' response has not clearly established any error.

{6}     For the reasons stated in this opinion and in our notice, we affirm the district court.

{7}     **IT IS SO ORDERED.**

            _____

            **LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

**M. MONICA ZAMORA, Judge**

_____

**STEPHEN G. FRENCH, Judge**